UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff.<br><br>v.<br><br>SHARIFI GLOBAL TRADE INC d/b/a CIGARETTES CHEAPER and ASADUALLAH SHARIFI,<br><br>    Defendants. | Case Number: 3:22-cv-07640-LJC<br><br>**CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action submit this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1.  <u>Jurisdiction & Service</u>

This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  No issues exist regarding personal jurisdiction or venue.  The Defendants have all been served.

2. <u>Facts</u>

This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.).  In its Complaint filed on December 4, 2022, the Plaintiff alleges that the Defendants offered for sale counterfeit goods bearing marks that infringed on several of the Plaintiff's federally registered trademarks and that such offers are likely to cause confusion as to the source of the counterfeit goods in the market.  At this stage in the litigation, the Defendants dispute all fact allegations in the Complaint.

3. <u>Legal Issues</u>

At this stage in the litigation, Defendants dispute all allegations of law in the Complaint, including but not limited to: (i) whether the Defendants offered for sale counterfeit goods under an infringing mark(s); (ii) the amount of damages suffered by the Plaintiff for the Defendants' actions, if proven; (iv) whether the offers for sale of counterfeit goods with marks resembling the Plaintiff's federally registered trademarks, if proven, are likely to cause consumer confusion; and (v) the potential application of any affirmative defenses to the claims in the Complaint.

4. <u>Motions</u>

On April 6, 2023, the Plaintiff filed a Motion for Entry of Clerk's Default Against the Defendants.  On April 20, 2023, the Plaintiff filed a Motion for Extension of Time to File Case Management Statement.  At this time, the Plaintiff anticipates bringing a Motion for Summary Judgment following fact discovery.  At this time, the Defendants anticipate bringing (i) a Motion to Set Aside the Default, if necessary; (ii) a Motion for an Extension of Time to File a Response to the Complaint, if necessary; and (iii) a Motion for Summary Judgment, following fact discovery.

5. <u>Amendment of Pleadings</u>

No parties, claims, or defenses are expected to be added or deleted.

6.     Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

7.     Disclosures

The parties will serve their initial disclosures pursuant to Fed. R. Civ. P. 26.

8.     Discovery

No Discovery has been taken to date.

9.     Class Actions

The case is not a class action.

10.    Related Cases

There are no related cases pending.

11.    Relief

The Plaintiff seeks statutory damages; treble damages; disgorgement of profits; costs of suit; injunction; and accounting.  The Plaintiff seeks the range for statutory damages for the use of counterfeit marks is $1,000 to $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, and if the court finds that the use was willful, up to ten (10) times that amount.  The Plaintiff seeks the full amount of statutory damages awardable for willful infringement, plus costs, at this time.  The Defendants dispute all damages as well as any entitlement to relief sought by Plaintiff.

12. <u>Settlement and ADR</u>

Settlement negotiations have occurred and, although there has been no agreement as to settlement, the Parties believe settlement is plausible at this time.

13. <u>Other References</u>

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>

At this stage in the litigation, where the Defendants have just recently appeared, there are no issues that can be narrowed by agreement or by motion. There are no suggestions to expedite the presentation of evidence at trial. There is no request to bifurcate issues, claims, or defenses.

At this time, the issues that appear most consequential to the case are whether: (i) the Defendants' offered for sale goods bearing counterfeit marks, as alleged; (ii) the Defendants' offer for sale of goods bearing counterfeit marks, if it occurred, was willful; (iii) whether the offer for sale of those goods, if it occurred, caused a likelihood of confusion with regard to the Plaintiff's registered marks, and (iv) whether Plaintiff suffered damages as a result, plus the amount of damages suffered by the Plaintiff. In addition to issues of Plaintiff's initial burden, Defendants also anticipate raising affirmative defenses as consequential issues.

15. <u>Expedited Trial Procedure</u>

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

16. <u>Scheduling</u>

*Proposed dates:*

Completion of initial ADR session: by January 3, 2024

Designation of experts: by February 5, 2024

Discovery cutoff: by March 8, 2024

Hearing of dispositive motions: by April 5, 2024

Pretrial conference and trial.: by May 20, 2024

17. <u>Trial</u>

The case will be tried by the court and will last 3-4 days.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>

The Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 with the following listed entities or persons: Chris Folkerts, GS Holistic, LLC, Leon Law, LLP, Tomas Carlos Leon, Sharifi Global Trade Inc d/b/a Cigarettes Cheaper and Asaduallah Sharifi.  The Defendants will file a separate "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 disclosing the following: Sharifi Global Trade Inc d/b/a Cigarettes Cheaper and Asaduallah Sharifi.

19. <u>Professional Conduct</u>

The parties' attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. <u>Other</u>

The parties are unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: 5/3/2023               /s/ Tomas Leon
                              Tomas Leon, Esq.
                              Counsel for plaintiff

Dated: 5/3/2023                                    /s/ Paige Pembrook
                                                   Paige Pembrook, Esq.
                                                   Counsel for Defendants

CASE MANAGEMENT ORDER

The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

The Court sets the deadlines in this case as follows: Close of Fact Discovery due by March 8, 2024; Close of Expert Discovery due by May 17, 2024; Plaintiff's Motion for Summary Judgment due by May 31, 2024; Defendants' Opposition and Cross-Motion due by June 14, 2024; Plaintiff's Opposition to Cross-Motion and Reply due by June 21, 2024; Defendants' Reply due by June 28, 2024; Dispositive Motion Hearing set for July 16, 2024 at 10:30 a.m. in Courtroom G - 15th Floor; Pretrial Conference set for November 1, 2024 at 09:00 a.m. in Courtroom G - 15th Floor; Trial set for November 18-20, 2024 at 09:00 a.m. in Courtroom G - 15th Floor.

Further Case Management Conference set for December 7, 2023 at 1:30 p.m. via Zoom. Case Management Statement due by November 30, 2023.

IT IS SO ORDERED.

Dated: May 19, 2023                     _____
                                        UNITED STATES MAGISTRATE JUDGE